**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-119-M**

**VERNON LEON CASEY**                                                                                **PLAINTIFF**

**v.**

**SGT. BILLINGS** *et al.*                                                                       **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court must dismiss this action for failure to state a claim.

**I.  SUMMARY OF CLAIMS**

While incarcerated as a pretrial detainee at the Daviess County Detention Center ("the Detention Center"), Plaintiff filed the instant action against the Detention Center and four of its employees, Sgt. Billings, Officer J. Ratliff, Jailer Osbourne, and Lt. Eischide, in their official capacities.[1] Plaintiff alleges that on or about July 1, 2006, while conducting a headcount, Officer Ratliff "intentionally assaulted me with an ice cooler by slamming it down on my back and forcing it down with his weight without my consent while I (Vernon Casey) was doing push-ups, which brought substantial injury to my back." After the incident, Plaintiff alleges that he was denied proper and adequate medical treatment and that Defendants Billings, Osbourne and Eischide failed to properly investigate the incident and respond to Plaintiff's grievances in violation of the Detention Center's policies and procedures.

---

[1]Plaintiff was later released from custody and is no longer incarcerated.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## III.  ANALYSIS

Plaintiff has sued Defendants in their official capacities only.  If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Therefore, in the case at bar, Plaintiff' official capacity claims against Defendants are actually brought against Daviess

County. When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

Plaintiff's claim that Defendants did not respond to his grievances with a proper investigation and explanation as required by the Detention Center's grievance procedures does not state a claim for a constitutional violation. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. App. 441, 445 (6th Cir. 2005). As another court explained:

> Plaintiff's allegation that defendants' failure to respond to his grievances does not rise to the level of a violation of his constitutional rights. There is no constitutional requirement to an inmate grievance system. *See Azeez v. De Robertis*, 568 F. Supp. 8 (N.D. Ill. 1982); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994). If a state prison system does provide a mechanism, violations of its provisions do not deprive prisoners of federal constitutional rights. Consequently, **the failure of defendants to follow the grievance mechanism does not in itself give rise to a § 1983 claim.** *Doans v. Rice*, 831 F.2d 1057 (4th Cir. 1987).

*Gordon v. Barrow*, No. 7:05-CV-55, 2005 U.S. Dist. LEXIS 17082, at *3-4 (M.D. Ga. Jul. 21, 2005) (emphasis added). Thus, the Court must dismiss this claim.

This leaves Plaintiff's claim regarding Officer Ratliff's conduct in injuring Plaintiff's back and the Detention Center's ensuing failure to provide Plaintiff with appropriate medical attention. Because Plaintiff was a pretrial detainee, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to be free from cruel and unusual punishment and to

receive adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners. *Id.* In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (citations omitted).

The Court will assume that Plaintiff has alleged a recognized constitutional violation regarding the injury and failure to treat claims. However, Plaintiff has failed to allege that the municipality is responsible for the conduct. "A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). For the purpose of initial review, it suffices to allege

4

that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993). Here, there are no allegations from which the Court may infer that a municipal policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights. In fact, Plaintiff alleges precisely the opposite, that Defendants acted contrary to the policies and procedures of the institution. The complaint simply does not support a § 1983 claim against Defendants in their official capacities.

   Accordingly, for the reasons set forth above, the Court will dismiss Plaintiff's claims against Defendants for failure to state a claim on which relief may be granted.

   The Court will enter an order that is consistent with this memorandum opinion.

Date:

cc:  Plaintiff, *pro se*
   Defendants
   Daviess County Attorney
4414.008